Tyson E. Logan, MT Bar #9478
THE SPENCE LAW FIRM , LLC
15 S. Jackson Street
P.O. Box 548
Jackson, Wyoming 83001
(307) 733-7290
(307) 733-5248 fax
logan@spencelawyers.com

Attorney for the Plaintiff

**FILED**

DEC 1 8 2014

Clerk, U.S. District Court
District Of Montana
Billings

# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| MARK D. TAKACH<br><br>        Plaintiff,<br><br>v.<br><br>CHANCEY E. COX; COFFEY TOOLS, INC.; and CALROD INVESTMENTS, LLC,<br><br>        Defendants. | Civil No. CN·14·156·BLG·SPW·CSO<br><br>**COMPLAINT & JURY DEMAND** |

   Plaintiff, Mark D. Takach, by and through his attorney, Tyson E.

Logan, of The Spence Law Firm, LLC, pleads and alleges his causes of

action against the Defendants as follows:

## PARTIES

1.     On May 8, 2013, Mark Takach was seriously injured in Richland

   County, Montana, when Chancey Cox, while acting as the agent,

servant and/or employee of Coffey Tools, Inc., and/or Calrod

Investments, LLC, negligently crossed the centerline of County Road

321 and crashed the Ford F-350 pickup truck he was driving into the

Toyota Tacoma pickup truck being driven by Mark Takach.

2.      Plaintiff Mark Takach was a resident of Montana who intended to

remain in Montana at the time of the accident.  He currently and

temporarily resides in a family member's home in Florida during his

convalescence, but he will soon be returning to his regular domicile of

Montana, where he intends to stay.  Mark Takach is citizen of

Montana for the purpose of determining diversity.

3.      On information and belief, Defendant Chancey Cox is a resident of

Idaho, and is a citizen of Idaho for the purpose of determining

diversity.

4.      On information and belief, Defendant Coffey Tools, Inc. (Coffey

Tools) is an Idaho corporation with its business headquarters and

principal place of business in Idaho, and it was doing business in

Montana at the time of the accident.  The name and address of its

registered agent is William G. Coffey, 1347 N. 1350 E., Richfield,

Idaho, 83349.  Coffey Tools is a citizen of Idaho for the purpose of

determining diversity.

5.    On information and belief, Defendant Calrod Investments, LLC

(Calrod) is a Washington limited liability company with its members,

Emanuel White, Sandra Rodriguez, and Marco Calderone, residing in

Washington, Idaho and/or North Dakota, and it was doing business in

Montana at the time of the accident.  The name and address of its

registered agent is Sandra Rodriguez, 3508 S. 14th Street, Tacoma,

Washington, 98405.  Calrod is a citizen of Washington, Idaho and/or

North Dakota for the purpose of determining diversity.

6.    Because Coffey Tools, as a legal entity, can act only through its

officers, directors, employees, servants and agents, Coffey Tools is

independently and directly liable for the negligent acts and omissions

of its officers, directors, employees, agents, managerial agents, safety

personnel and supervisors who set the policies and procedures, train

and supervise employees, authorize the doing and the manner of the

acts in question, and who ratified or approved the acts or omissions

that directly and proximately caused the injuries and the resulting

damages alleged herein.

7.    Because Calrod, as a legal entity, can act only through its officers,

directors, employees, servants and agents, Calrod is independently

and directly liable for the negligent acts and omissions of its officers,

directors, employees, agents, managerial agents, safety personnel and supervisors who set the policies and procedures, train and supervise employees, authorize the doing and the manner of the acts in question, and who ratified or approved the acts or omissions that directly and proximately caused the injuries and the resulting damages alleged herein.

8.   Under the doctrine of *respondeat superior*, Coffey Tools is also vicariously liable for any act or omission of an officer, agent, servant or employee made while acting in the scope of authority delegated by the company, or within the scope of the duties of the employee, which were the direct and proximate cause of the injuries and the resulting damages alleged herein.

9.   Under the doctrine of *respondeat superior*, Calrod is also vicariously liable for any act or omission of an officer, agent, servant or employee made while acting in the scope of authority delegated by the company, or within the scope of the duties of the employee, which were the direct and proximate cause of the injuries and the resulting damages alleged herein.

10.   Because at the time and place of the events described herein Chancey Cox was, on information and belief, acting as an officer, agent,

servant and/or employee of Coffey Tools, working within the scope of his employment or agency, to further the interests of Coffey Tools, Coffey Tools is vicariously liable for Chancey Cox's negligent acts and omissions.

11.    Alternatively or in addition, because at the time and place of the events described herein Chancey Cox was, on information and belief, acting as an officer, agent, servant and/or employee of Calrod, working within the scope of his employment or agency, to further the interests of Calrod, Calrod is vicariously liable for Chancey Cox's negligent acts and omissions.

## JURISDICTION AND VENUE

12.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the suit is between citizens of different states, and the amount in controversy of each claim exceeds seventy-five thousand dollars ($75,000) exclusive of interest and costs.

13.    This Court is the proper venue for this action.  Pursuant to 28 U.S.C. §1391(a) and United States District Court Local Rule 1.2, the proper venue for this action is the United States District Court for the District of Montana, Billings Division, because the claims arose in this

judicial district and because a substantial part of the events or omissions giving rise to the claims occurred within Richland County, Montana.

## STATEMENT OF FACTS

14. On May 8, 2013, Mark Takach was driving a 1999 Toyota Tacoma pickup truck, VIN #4TAWN72N3XZ467704, southbound on County Road 321, in Richland County, Montana.

15. At the same time, Chancey Cox was driving a 2006 Ford F350 pickup truck, VIN # 1FTWW31P56ED29732, owned by Coffey Tools, northbound on the same road.

16. It was daylight, the weather was clear, and the gravel road was dry.

17. Chancey Cox was following a semi truck on the gravel road, and because of the dust and debris being kicked up by the semi truck, Chancey Cox could not see what was in front of him.

18. Nevertheless, even though he could not see oncoming traffic, Chancey Cox chose to drive in the middle of the roadway, and outside of his proper lane travel.

19. At about 5:00 p.m., Chancey Cox crashed his Ford pickup into the Toyota pickup driven by Mark Takach, who was driving in his proper lane of travel.

20.    The head on collision was so severe that Mark Takach had to be extricated from the Toyota pickup by the responding fire department.

21.    The fire department had to cut the door and the roof off of the Toyota pickup to free him.

22.    Mark Takach was transported by ambulance to the Sidney Health Center, in Sidney, Montana, but his injuries were so severe that he was transferred via lifeflight to St. Vincent Healthcare in Billings, Montana.

23.    Mark Takach stayed at St. Vincent Healthcare for twenty days, undergoing multiple surgeries and other procedures.

24.    Mark Takach was thereafter discharged to St. Vincent Healthcare's inpatient rehabilitation center, New Hope Rehabilitation, where he stayed for almost a week before being discharged to the care of his family and various healthcare providers in Florida.

25.    On information and belief, Mark Takach will require further medical care in the future.

26.    As a direct and proximate result of the acts and omissions of Chancey Cox, Coffey Tools, and/or Calrod, Mark Takach sustained serious bodily injuries.

27. Mark Takach's physical injuries include, but are not limited to, the following:

    a. Thoracic spine fracture;

    b. Left open femur fracture;

    c. Left femoral neck fracture;

    d. Left comminuted femoral shaft fracture;

    e. Left severely comminuted distal femur fracture;

    f. Multiple rib fractures;

    g. Traumatic hemorrhagic shock; and

    h. Acute blood loss.

28. Mark Takach's other injuries that were directly and proximately cause by the acts and omissions of Chancey Cox, Coffey Tools, and/or Calrod are set forth below in the "Damages" section of this Complaint.

**FIRST CAUSE OF ACTION**
**NEGLIGENCE OF CHANCEY COX**

29. Mark Takach incorporates and adopts by reference all the facts and allegations above as though fully set forth herein.

30. At the time and place of the events described herein, Chancey Cox owed a duty of care to Mark Takach to avoid causing him injury.

31.    At the time and the place of the events described herein, Chancey Cox breached the duty of care through, among other things, the following acts and omissions:

    a.    Failure to comply with Montana statutes;

    b.    Failure to keep a proper lookout;

    c.    Failure to drive at a safe speed;

    d.    Failure to keep his vehicle in his lane of travel;

    e.    Failure to exercise reasonable care in operating the 2006 Ford F350 pickup truck; and

    f.    Failure to meet the standards of care requisite in the industry.

32.    Chancey Cox's negligent acts and omissions breached his duty to Mark Takach, and directly and proximately caused the accident, causing the serious injuries for which Defendants are liable, as set forth above and in the "Damages" section of this Complaint.

## SECOND CAUSE OF ACTION
## NEGLIGENCE OF COFFEY TOOLS

33.    Mark Takach incorporates and adopts by reference all the facts and allegations above as though fully set forth herein.

34.    At the time and the place of the events described herein, Coffey Tools owed a duty of care to Mark Takach to avoid causing him injury.

35.  At the time and the place of the events described herein, Coffey Tools breached the duty of care through, among other things, the following acts and omissions:

   a.  Failure to properly hire, supervise and/or train Chancey Cox;

   b.  Failure to make sure safe procedures were followed; and

   c.  Failure to act reasonably under the circumstances.

36.  Through its negligent acts and omissions, Coffey Tools breached its duty to Mark Takach, and directly and proximately caused the accident injuring Mark Takach.

37.  As a direct and proximate result of the negligent acts and omissions of Coffey Tools, Mark Takach suffered the serious injuries set forth above and in the "Damages" section of this Complaint.

## THIRD COUNT
## NEGLIGENCE OF CALROD

38.  Mark Takach incorporates and adopts by reference all the facts and allegations above as though fully set forth herein.

39.  At the time and the place of the events described herein, Calrod owed a duty of care to Mark Takach to avoid causing him injury.

40.  At the time and the place of the events described herein, Calrod breached the duty of care through, among other things, the following acts and omissions:

    a.     Failure to properly hire, supervise and/or train Chancey Cox;

    b.     Failure to make sure safe procedures were followed; and

    c.     Failure to act reasonably under the circumstances.

41.    Through its negligent acts and omissions, Calrod breached its duty to Mark Takach, and directly and proximately caused the accident injuring Mark Takach.

42.    As a direct and proximate result of the negligent acts and omissions of Calrod, Mark Takach suffered the serious injuries set forth above and in the "Damages" section of this Complaint.

## DAMAGES

43.    Mark Takach incorporates and adopts by reference all the facts and allegations above as though fully set forth herein.

44.    As a direct and proximate result of the negligent acts and omissions of Chancey Cox, Coffey Tools and/or Calrod, Mark Takach is entitled to be compensated and to recover the following damages:

    a.     Past and future physical pain and suffering in an amount to be proven at trial;

    b.     Past and future emotional pain and suffering in an amount to be proven at trial;

c.   Past and future loss of enjoyment of life in an amount to be proven at trial;

d.   Past and future loss of wages, income and earning capacity in an amount to be proven at trial;

e.   Past and future medical and related expenses in an amount to be proven at trial; and

f.   Costs of this action, and any other relief allowed by law as this Court deems just and proper.

Wherefore, Mark Takach prays that the Court enter judgment against Chancey Cox, Coffey Tools, and/or Calrod in an amount supported by the allegations of this Complaint as follows:

1.   Judgment against Chancey Cox, Coffey Tools and/or Calrod for general damages in an amount consistent with the allegations contained herein and to be proven at trial;

2.   Judgment against Chancey Cox, Coffey Tools and/or Calrod for special damages in an amount consistent with the allegations contained herein and to be proven at trial; and

3.   Judgment for costs, interest, and such other and further relief as this Court deems just and equitable.

DATED this _12th_ day of December, 2014.


Tyson E. Logan
THE SPENCE LAW FIRM, LLC
15 South Jackson Street
P.O. Box 548
Jackson, Wyoming  83001
(307) 733-7290

Attorney for the Plaintiff


## DEMAND FOR JURY TRIAL

Plaintiff, by and through counsel and pursuant to Federal Rule of Civil

Procedure 38, hereby requests that this matter be tried to a jury of six and

submits the requisite fee herewith.

DATED this _12th_ day of _December, 2014._


Tyson E. Logan